UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VYVIANNA M. QUINONEZ,<br><br>Defendant. | Case No. '21 MJ03635<br><br>COMPLAINT FOR VIOLATION OF<br><br>Count 1: 18 U.S.C. § 113(a)(6): Assault Resulting in Serious Bodily Injury (Felony); 49 U.S.C. § 46501: Special Aircraft Jurisdiction of the United States; 49 U.S.C. § 46506: Application of Certain Criminal Laws to Acts on Aircraft<br><br>Count 2: 49 U.S.C. § 46504: Interference with Flight Crew Members and Attendants (Felony); 49 U.S.C. § 46501: Special Aircraft Jurisdiction of the United States |

The undersigned complainant being duly sworn states:

Count 1

On or about May 23, 2021, within the special aircraft jurisdiction of the United States, namely, Southwest Airlines Flight 700, in flight, traveling from Sacramento International Airport to San Diego International Airport, and within the jurisdiction of the Southern District of California, defendant VYVIANNA M. QUINONEZ assaulted S.L. causing S.L. to suffer serious bodily injury, in violation of Title 18, United States Code, Section 113(a)(6) and Title 49, United States Code, Sections 46501 and 46506(1).

Count 2

On May 23, 2021, within the special aircraft jurisdiction of the United States, namely, Southwest Airlines Flight 700, in flight, traveling from Sacramento International Airport to San Diego International Airport, and within the jurisdiction of the Southern District of California, defendant VYVIANNA M. QUINONEZ, by assaulting and intimidating a flight crew member and flight attendant of Southwest Airlines Flight 700, interfered with the performance of the duties of the member and attendant and lessened the ability of the member and attendant to perform those duties, in violation of Title 49, United States Code, Sections 46501 and 46504.

This complaint is based on the attached Probable Cause Statement, which is incorporated herein by reference.

_____
SPECIAL AGENT ZACHARY WEIGEL
FEDERAL BUREAU OF INVESTIGATION

Sworn and attested by telephone, in accord with Federal Rule of Criminal Procedure 4.1, this  1  day of September, 2021.

_____
HONORABLE MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

2

PROBABLE CAUSE STATEMENT

On May 23, 2021, defendant VYVIANNA M. QUINONEZ, boarded Southwest Airlines Flight 700 from Sacramento International Airport to San Diego International Airport. QUINONEZ was seated in aisle seat 24D, which was in the last row of the airplane. S.L. was a Southwest flight attendant working in the back of the airplane for the duration of the flight. At the time, federal rules and regulations required that airplane passengers over the age of two wear a face covering over their nose and mouth while flying. Federal regulations also require that in preparation of landing passengers stow their tray tables and fasten their seat belts and comply with instructions given by flight crewmembers.

During the final descent of Flight 700, QUINONEZ unbuckled her seat belt and pulled down her tray table. S.L. approached QUINONEZ and requested that she fasten her seat belt and stow her tray table. QUINONEZ did not comply. S.L. also instructed QUINONEZ to wear her facemask properly. After requesting that QUINONEZ comply for her own safety, S.L. returned to her jump seat for landing.

QUINONEZ began filming S.L. on her cellphone. S.L. again approached QUINONEZ, and QUINONEZ pushed S.L. S.L. said, "You do not push a flight attendant," or words to that effect. Around that time, another passenger on the airplane began filming the interaction on her cellphone. QUINONEZ stood up and knowingly assaulted S.L. by intentionally punching S.L. in the face and head with a closed fist and grabbing S.L.'s hair. Several other passengers attempted to stop Quinonez by grabbing at her clothing and arm. A male passenger sitting one row ahead of Quinonez in the middle seat across the aisle jumped in between QUINONEZ and S.L. and instructed QUINONEZ to sit down. The assault occurred shortly after the airplane landed in the Southern District of California.

As a result of being assaulted by QUINONEZ, S.L. was taken to the hospital and suffered serious bodily injury. S.L.'s left eye was bruised and swollen; she sustained a cut under her left eye, requiring four stitches; she had a bruise in the shape of fingers on her right forearm; and three of her teeth were chipped—two of her teeth sustained such serious damage they were replaced by crowns.

QUINONEZ's assault and intimidation of S.L. interfered with and lessened S.L.'s ability to perform her duties. Had QUINONEZ not assaulted and intimidated S.L., S.L. would have disarmed and cross-checked the two doors in the back of the airplane, made a corresponding announcement about the doors on the public address system, assisted with passengers exiting the aircraft, cleaned the aircraft, checked the overhead bins in the aircraft, and communicated with the captain about the following flight. Further, after being informed that S.L. was assaulted and law enforcement was requested, the Captain of the airplane delayed taxiing the airplane to the gate for a few minutes to wait for law enforcement to arrive.

After officers escorted Quinonez off the aircraft, Quinonez told law enforcement that she acted in self-defense.

Flight 700 was in the special aircraft jurisdiction of the United States because it was an aircraft in the United States that was in flight, meaning all external doors were closed following boarding and no external door had been opened to allow passengers to leave the aircraft.